2017 PA Super 60

| | | |
|---|---|---|
| IN THE INTEREST OF: N.B., A MINOR, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | No. 527 WDA 2016 |

Appeal from the Order Dated March 11, 2016,
in the Court of Common Pleas of McKean County,
Criminal Division, at No: CP-42-JV-0000063-2015

BEFORE:    LAZARUS, SOLANO, and STRASSBURGER,* JJ.

OPINION BY STRASSBURGER, J.:                    **FILED MARCH 08, 2017**

The Commonwealth of Pennsylvania appeals from the order entered on March 11, 2016, which granted the motion to suppress filed on behalf of N.B. (Appellee).[1]  We reverse the order and remand this case for further proceedings.

On April 28, 2016, Appellee's mother (Mother) received information from her daughter that Appellee and his twin brother, D.B., then 14 years old, had engaged in sexual conduct with a nine-year-old female who lived in an adjacent apartment.  Mother confronted Appellee and his brother, both of whom confirmed the allegations.  Mother reported the conduct to the boys' school district.  In response, Lieutenant Steve Caskey of the Bradford Police

---

[1] The Commonwealth filed its notice of appeal on April 8, 2016; the Commonwealth included in the notice its certification that suppression would substantially hinder its prosecution of the case. *See* Notice of Appeal, 4/8/2016. "In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

*Retired Senior Judge assigned to the Superior Court.

Department requested that Appellee and his brother be brought to the police station for an interview. Based on the inculpatory statements elicited during that interview, the Commonwealth filed a written allegation of delinquency. On December 1, 2015, Appellee's attorney filed a motion to suppress.[2] A hearing was held on that motion on February 17, 2016. On March 11, 2016, the juvenile court granted Appellee's motion. This timely appeal followed. Both the Commonwealth and the juvenile court complied with the mandates of Pa.R.A.P. 1925.

The Commonwealth presents the following issue for our review.

> Did the [juvenile] court err in granting [Appellee's] motion to suppress where [Appellee] consulted with [Mother] prior to police questioning, and where [Mother] voluntarily brought [Appellee] to the police station, and where [Appellee] and [Mother] were both read their **Miranda**[3] rights, with each indicating that they understood those rights?

Commonwealth's Brief at 5 (unnecessary capitalization and underlining omitted).

When the Commonwealth appeals from a suppression order, the relevant scope and standard of review is as follows.

> [W]e are required to determine whether the record supports the factual findings of the suppression court, and we are bound by those facts and may reverse only if the legal conclusions drawn

---

[2] Appellee's case proceeded separately from that of his brother. The motion and order at issue here concern only Appellee's statements to police.

[3] **Miranda v. Arizona**, 384 U.S. 436 (1966).

- 2 -

therefrom are in error. Since [the j]uvenile prevailed below, we consider only the evidence of [the j]uvenile and so much of the Commonwealth's evidence that is un-contradicted when read in the context of the entire record. Concomitantly, where the questions presented concern legal questions, we are not bound by the suppression court's determinations and our standard of review is *de novo*.

*In re T.P.*, 78 A.3d 1166, 1169 (Pa. Super. 2013).

Instantly, the Commonwealth argues that the juvenile court erred in granting Appellee's motion to suppress because the totality of the circumstances presented here demonstrates that Appellee's confession was made voluntarily.  Commonwealth's Brief at 12.

> In [**Commonwealth v. Williams**, 475 A.2d 1283, 1287 (Pa. 1984)], which addressed a juvenile's waiver of his **Miranda** rights in the context of providing a confession during police interrogation, our Supreme Court held:
>
>> The requirements of due process are satisfied, and the protection against the use of involuntary confessions which law and reason demand is met by application of the totality of circumstances analysis to all questions involving the waiver of rights and the voluntariness of confessions made by juveniles. All of the attending facts and circumstances must be considered and weighed in determining whether a juvenile's confession was knowingly and freely given. Among those factors are the juvenile's youth, experience, comprehension, and the presence or absence of an interested adult.
>
> *Id.* at 1288. Other factors to consider in this context also include "(1) the duration and means of an interrogation; (2) the [juvenile's] physical and psychological state; (3) the conditions attendant to the detention; (4) the attitude of the interrogator; and (5) any and all other factors that could drain a person's ability to withstand suggestion and coercion." **In re V.C.,** 66

A.3d 341, 351 (Pa. Super. 2013) (internal quotation marks omitted) (providing further that waiver must be made voluntarily, knowingly, and intelligently).

*In re N.M.,* 141 A.3d 539, 543–44 (Pa. Super. 2016) (footnotes omitted).

The "interested adult" rule … provided that no person under the age of eighteen years could waive his right to remain silent and his right to the assistance of counsel without being provided an opportunity to consult with an interested adult, who is informed of the juvenile's rights and is interested in the welfare of the juvenile." *Williams*, 475 A.2d at 1286–87. …[T]he presence or absence of an interested adult is no longer a *per se* requirement, but one factor in determining the voluntariness of a juvenile's waiver of his or her *Miranda* rights. *Id.* at 1288; *In re V.C.,* 66 A.3d [at] 351[].

*Id.* at 547 n. 2.

As to the aforementioned factors, the certified record establishes the

following.

A recording of the interview was introduced into evidence. When Officer Caskey met with [Appellee], his brother, and Mother, Officer Caskey read *Miranda* warnings to all of them and explained that the room and interviews were being audio and visually recorded. No waivers were signed by Mother, [Appellee], or his twin brother. [Officer Caskey explained that, due to the nature of the case, that criminal charges may be filed. N.T., 2/17/2016]. Officer Caskey explained very clearly that Mother was permitted to be present for the interviews, but he preferred to speak with each of them individually. Mother acquiesced and let the boys be interviewed individually. Officer Caskey first interviewed [Appellee], then his twin. During the interview, [Appellee] understood why he was there and was forthright with Officer Caskey in answering the questions. [Appellee] disclosed his actions in detail.

The interview took place in an office and was audio and visually recorded. There was a desk between Officer Caskey and [Appellee]. Officer Caskey remained seated in his desk for the

entirety of the interview. [Appellee] was seated across the desk and the door was immediately behind him. There were no barriers or obstacles between [Appellee] and the door. The door was closed, but it remained unlocked at all times. Officer Caskey maintained a calm and cool manner during questioning. He did not yell or threaten [Appellee]. [Appellee] was never restrained. [Appellee] did not appear to be under the influence of any drugs or alcohol and had a normal physical appearance. [Appellee] was responsive to questioning and disclosed many details to Officer Caskey and agreed to meet again for additional interviews. The interview in question lasted a total of twenty-seven (27) minutes, with [Appellee] being interviewed individually for approximately ten (10) minutes.

Juvenile Court Opinion, 3/12/2016, at 1-3 (unnumbered).

At the suppression hearing, Mother testified that she understood the *Miranda* warnings. N.T., 2/17/2016, at 14. She also indicated that, at the time of the interview, she understood there could be criminal consequences as a result of her sons' actions, although "not to the extent" to which she is now aware. *Id.* However, on redirect examination, she stated that Appellee could not have understood the legal ramifications of his statement because she did not understand. *Id.* at 27. Appellee testified that he had difficulty understanding in school, *id.* at 48-49; that he affirmed he understood his *Miranda* warnings at the time of the interview but had no appreciation for the meaning of those warnings, *id.* at 47-49; and that all he understood was "that [he] was in trouble and that [he] had to own up to it," *id.* at 54.

- 5 -

Based on the foregoing, the juvenile court determined that Appellee's statements should be suppressed because Appellee "participated in the interview under compulsion of a parent[; therefore], the disclosures made were not voluntary." Juvenile Court Opinion, at 5 (unnumbered). Notably, the juvenile court found Mother's testimony "less than credible." *Id.* 7/1/2016, at 4 (unnumbered). Rather, the court "considered most strongly [Appellee's] own testimony that he believed he was forced to be there by his mother and that he was directed to confess." *Id.* at 4-5 (unnumbered).

We are mindful that, in evaluating whether a statement to police satisfies the requirements of due process we are "constrained to examine only whether an individual's confession was the product of coercion, duress, or the use of other measures **by interrogators** deliberately calculated to overcome his or her free will." *Commonwealth v. Wright*, 14 A.3d 798, 815 (Pa. 2011) (citation omitted; emphasis added). Accordingly, our concern with respect to the voluntariness of Appellee's confession is coercion **by law enforcement**. Here, Appellee did not testify that Officer Caskey behaved inappropriately during the interview. Rather, the record reveals quite the opposite.

Specifically with respect to Mother, *Williams* and its progeny support the presence of an interested adult who can advise a juvenile as to his rights and act in his best interest as one factor in determining the voluntariness of

a juvenile's confession.  Here, Mother brought Appellee to the police station and advised him to tell the truth.  However, these actions cannot be reasonably interpreted to rise to the level of coercion such that suppression is warranted. The juvenile court erred in conflating the actions of Mother with prohibited conduct by law enforcement.

Viewing the evidence in the light most favorable to Appellee, as we must, the record demonstrates that the statements during Appellee's interview were made knowingly, intelligently and voluntarily.  Accordingly, we hold that the juvenile court erred in granting Appellee's motion to suppress.

Order reversed.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judge Lazarus joins.

Judge Solano files a dissenting opinion.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2017